IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

KAREEN HAYES,

                Plaintiff,

   v.                                                   OPINION and ORDER

CAPTAIN WESTRA, SGT. JOSEPH BEAHM,                 19-cv-822-jdp
SGT. JOSHUA ADDERSON, and CAPTAIN TRITT,

                Defendants.
───────────────────────────────────────────────

      Pro se plaintiff Kareen Hayes filed this action under 42 U.S.C. § 1983, contending that prison staff at Waupun Correctional Institution violated his procedural due process rights by issuing him a false conduct report and extending his stay in temporary lock up status without holding a hearing as required by state regulations. Hayes's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether the complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Hayes seeks monetary relief from a defendant who is immune from such relief.

      Hayes's allegations do not state a procedural due process claim because he has not alleged that he was deprived of a liberty interest protected by the constitution. Therefore, I will dismiss this case.

ALLEGATIONS OF FACT

      Hayes alleges that in June 2019, defendant Sergeant Beahm told Hayes that he was being moved from observation status into general population. Hayes told Beahm that he did not want to go to general population because he was feeling suicidal and because inmates in general population had threatened him. Beahm notified defendant Captain Tritt, who issued

Hayes a conduct report for disobeying orders and making threats. Hayes was moved into temporary lock up status pending an investigation and hearing regarding the conduct report. Hayes remained in temporary lock up for 53 days until a due process hearing was held. Captain Westra presided over the hearing and found Hayes guilty of the charges based on false testimony from Beahm and defendant John Adderson, a correctional sergeant. Hayes appealed, and the warden reversed the disciplinary decision on procedural grounds, concluding that the hearing had been delayed too long and that Hayes should not have remained in temporary lock up status for more than 21 days without security staff receiving approval from the warden.

ANALYSIS

Hayes contends that defendants violated his right to procedural due process under the Fourteenth Amendment by falsely accusing him of disobeying orders and making threats and then holding him in temporary lock up status without holding a hearing within the time required under state regulations. To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must show that he was deprived of a liberty or property interest without constitutionally sufficient procedural protections. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Townsend v. Cooper*, 759 F.3d 678, 685 (7th Cir. 2014). In this instance, Hayes's claim fails because he has not shown that he was deprived of a liberty or property interest or that he was denied process.

In the prison context, a punishment may implicate a liberty interest protected by the due process clause if the punishment imposes an atypical and significant hardship as compared to prison life generally. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). A prisoner's placement in segregation may implicate a liberty interest, but only if the length of segregated confinement is

2

substantial and the conditions of confinement are unusually harsh. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009). In this instance, Hayes's 53-day placement in temporary lock up status was not long enough to implicate a liberty interest, and he has not alleged that he faced harsh conditions. *See Townsend v. Fuchs*, 522 F.3d 765, 771–72 (7th Cir. 2008) (holding that prisoner had no liberty interest in avoiding 59-day stay in temporary lock up status while prison conducted investigation into alleged misbehavior); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (three-month placement in segregation did not implicate liberty interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (two-month placement in segregation did not implicate liberty interest); *Obriecht v. Raemisch*, 565 F. App'x 535, 539–40 (7th Cir. 2014) (78-day confinement in segregation with mattress placed directly on wet floor did not implicate liberty interest).

Hayes alleges that his 53-day stay in temporary lock up status violated state regulations that limit temporary lock up status to 21 days, unless the warden approves an extension in writing. *See* Wis. Admin. DOC § 303.10(3). But state prison regulations, by themselves, do not create liberty interests. *Wilkinson*, 545 U.S. at 223 ("[T]he touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'") (citation omitted); *Marion*, 559 F.3d at 699 ("Whether an inmate has a protected liberty interest must be determined from the *actual* conditions of confinement and not simply from a review of state regulations.") (emphasis in original). And the failure to comply with state procedural rules does not violate the federal constitution. *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

Hayes also contends that his due process rights were violated when defendants Beahm and Tritt gave him a false conduct report and Beahm and defendant Adderson lied at his due process hearing. But these allegations also do not suggest that Hayes was denied due process. Assuming it is true that prison staff lied about Hayes's behavior, Hayes has not alleged facts suggesting that the process he received was constitutionally deficient. He says that he was given notice of the conduct report, that he had a due process hearing, and that he was able to successfully challenge the conduct report on appeal. These allegations suggest that Hayes was given constitutionally adequate process. *See Lagerstrom v. Kingston*, 463 F.3d 621, 624–25 (7th Cir. 2006) ("The fact (if it were true) that the evidence against Lagerstrom had been made up would similarly not cast doubt on the basic procedures that were followed. . . Here, Lagerstrom received all the process he was due."); *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections" have otherwise been provided.).

In sum, Hayes has not alleged facts to support a claim that defendants violated his right to procedural due process under the Fourteenth Amendment. Therefore, I will dismiss this case.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Kareen Hayes's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close

this case.

Entered November 7, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge